OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant Henry M. Just, appeals from a final judgment of the Portage County Court of Common Pleas, Domestic Relations Division, distributing property after a divorce. For the reasons that follow, the judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion.
Appellant and appellee, Phyllis E. Just, were married in Tallmadge, Ohio, on April 17, 1964. Three children were born as issue of the marriage, all of which who are now emancipated.
On December 2, 1999, appellee filed a complaint for divorce alleging gross neglect of duty, extreme cruelty, and incompatibility. As part of his answer to the complaint, appellant submitted a counterclaim for divorce, alleging the same three grounds which appellee had asserted.
The contested divorce came on for trial on December 1, 2000. In a judgment entry dated December 6, 2000, the trial court granted the parties a divorce on the basis of incompatibility. The trial court also divided the marital property and allocated the debt between appellant and appellee. From this judgment, appellant filed a timely notice of appeal with this court.
Under his first assignment of error, appellant argues that that the trial court abused its discretion in awarding appellee a monetary interest in the rental property that the court had awarded him as part of the division of marital property. He maintains that by awarding such an interest to appellee, title to the property has been clouded, making it difficult, if not impossible, for him to sell the property in the future. Moreover, appellant claims that giving appellee half of the net rental proceeds also results in an inequitable distribution of the marital estate.
Upon granting a divorce, the trial court is required to divide and distribute the marital estate between the parties in an equitable manner. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 130. In doing so, the trial court is necessarily vested with wide discretion in formulating an equitable distribution of such property. Holcomb at 130.Berish v. Berish (1982), 69 Ohio St.2d 318, 319. As a result, the trial court's division of marital property will not be disturbed on appeal unless the court abused its discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus, the Supreme Court of Ohio held that "in allocating property between the parties to a divorce * * * the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." See, also, Buckeye v. Buckeye (Dec. 29, 2000), Portage App. No. 99-P-0086, unreported, 2000 Ohio App. LEXIS 6210, at 9-10. Put another way, "* * * the trial court must provide a basis for appellate review by recording findings of fact that support its decision." Szerlip v.Szerlip (1998), 129 Ohio App.3d 506, 512. See, also Matic v. Matic (July 27, 2001), Geauga App. No. 2000-G-2266, unreported, 2001 Ohio App. LEXIS 3360, at 18-19.
Here, as part of the distribution of marital property, the trial court awarded appellant a convenience store that had apparently been owned by the parties during the marriage. In doing so, the trial court found that while the property was worth approximately $115,000, there were problems with the property that would make it potentially difficult to sell. However, the trial court also found that the property generated approximately $500 in net monthly income. As a result, the court ordered appellant to send appellee one half of the net monthly income every six months.[1]
Given the disposition of property, appellant argues that the trial court abused its discretion when it ordered him to share the revenue from the convenience store. The trial court's judgment entry, however, offers no explanation as to why the convenience store, owned by the parties during the marriage, is now being treated as non-marital property, much less why the income from it is being divided. To be more precise, the court does not adequately indicate the basis for its award in sufficient detail to enable this court to determine whether the award is fair, equitable, or in accordance with the law. Kaechele, supra. In fact, there is nothing in the trial court's decision to show what evidence it relied on, or the weight it gave to each fact in making its award.
Possibly, the trial court was trying to offset the award of this property by granting appellee a portion of the net monthly income. If so, the chosen method was simply too awkward to accomplish the desired goal.
In any event, whether an offset or something else was intended, this court is unable to perform the intermediate analytical steps that the trial court should have included in its decision. As this court has noted on prior occasions, "we refuse to speculate regarding the deliberative process employed by the trial court in reaching its * * * award." Herman v. Herman (Mar. 28, 1997), Portage App. No. 96-P-0194, unreported, 1997 Ohio App.LEXIS 1223, at 13. Instead, the appropriate course of action is to remand the matter so that the trial court may comply with the requirements of Kaechele by setting forth the basis for its decision. Herman at 13.
Again, the problem with the trial court's analysis is that the court awarded what appeared to be marital property to appellant with, essentially, an offset being made to appellee. However, that is only speculation on our part.
Therefore, on remand, the trial court should first designate the property as either marital or nonmarital. If it is nonmarital, the court needs to indicate why it made that determination when it previously had found that the parties owned the property during the marriage.
If the trial court concludes that the convenience store is, indeed, martial property, it needs to indicate whether it intended an equal or unequal distribution of the property. If the court intended an equal distribution, the award fails to achieve that goal. On the other hand, if the trial court intended an unequal division of marital property, it needs to indicate why it is making such an award in light of its other findings. Accordingly appellant's first assignment of error has merit to the limited extent indicated.
In his second assignment of error, appellant maintains that the trial court erred when it admitted a letter from one of appellee's physicians into evidence, and when it permitted appellee to testify about her medical condition. We disagree.
The record shows that appellee attempted to admit into evidence letters from two of her doctors. However, the record also shows that when appellant objected to their admittance, the trial court sustained the objection. Therefore, the trial court did not err in this regard.
As for appellee's testimony concerning her medical condition, it is well-settled that a trial court's decision with respect to whether or not to admit lay witness testimony is discretionary and will not be reversed absent an abuse of that discretion. Urbana ex rel. Newlin v. Downing
(1989), 43 Ohio St.3d 109, 113. Again, an abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore at 219.
Appellee, who is a registered nurse, was not testifying as a medical expert. Instead, she was merely a lay person with firsthand knowledge of the subject matter, i.e., her medical condition. Porter v. Tamarkin Co. (June 26, 1992), Trumbull App. No. 91-T-4540, unreported, 1992 WL 276622, at 3. Testimony regarding an individual's own medical condition is certainly permissible under the Ohio Rules of Evidence, so long as it is rationally based on the person's own perceptions and it is beneficial to the trier of fact. Evid.R. 701. See, also, Prejean v. Euclid Bd. ofEdn. (1997), 119 Ohio App.3d 793, 803.
Furthermore, even if the trial court did abuse its discretion when it permitted appellee to testify about her medical condition, appellant has failed to show how he was prejudiced. Appellant argues that without this testimony the trial court "could have and should have imputed income to Appellee because she voluntarily quit her job." In other words, appellant believes that without this testimony, the trial court would have imputed income to appellee and possibly awarded him spousal support.
Clearly, assuming that the trial court would award him spousal support is mere speculation on appellant's part. Moreover, appellant never raised this issue with the trial court when he had the opportunity. As a result, appellant's second assignment of error is not well-taken.
Based on the foregoing analysis, the judgment of the trial court is affirmed in part revered in part, and the matter is remanded for further proceedings consistent with this opinion.
JUDGE JUDITH A. CHRISTLEY, O'NEILL, P.J., NADER, J., concur.
[1] This award was not designated as spousal support; rather, it was clearly part of the property division.